· [No. 2160.]

## Dick Shultz v. The State.

Theft—Possession of Recently Stolen Property—Charge of the Court.—The State, in a prosecution for the theft of a horse, relied alone upon circumstantial evidence, and mainly upon the circumstance of the defendant's possession of the animal recently after it was stolen. When the defendant was first called upon to explain his possession of the stolen animal, he claimed that he purchased the same from one B, and he produced two witnesses who testified that he did so purchase it. Under this state of case, the defense asked the court to charge the jury to the effect that, if the defendant, when his right to the animal was first called in question, gave a natural, reasonable and satisfactory explanation of his possession thereof, it then devolved upon the State to prove the falsity of such explanation. *Held*, that the special charge embodied the law of the the question, and, in refusing it, the trial court erred.

Appeal from the District Court of DeWitt. Tried below before the Hon. H. C. Pleasants.

The conviction in this case was for theft from John Andrus, of a horse, the property of Tom Holt, in DeWitt county, Texas, on the twenty-fourth day of September, 1884. The penalty assessed against the appellant was for a term of five years in the penitentiary.

The testimony on the part of the State established the venue of the offense, the ownership and possession of the animal as alleged in the indictment, its disappearance from its accustomed range, and its subsequent sale to one Bonner, by the defendant, who at the time claimed to have purchased the animal from one Jesse A. Baker. This transaction (the sale of the horse by defendant), is shown by the evidence, both for the State and for the defendant, to have occurred openly, on the streets of the town of Cuero, about three miles distant from the accustomed range of the horse, and from the house of Andrus, from whose possession it was alleged to have been taken.

Two witnesses testified for the defense, that the defendant, in their presence, purchased the horse from Baker, and paid him the purchase money for the same. Another witness testified that defendant told him, in Baker's presence, that he bought the horse from Baker, and Baker heard the statement and stood mute.

The motion for new trial raised the question discussed in the opinion.

*Fly, Davidson & Davidson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. When the defendant was first called upon to account for his possession of the stolen animal, which was when he proposed to sell the same to Nelson Bonner, he stated that he had bought it from one Baker, and his defense upon the trial was that he did so purchase it. On the trial he proved such purchase by two witnesses. To convict the defendant, the State relied upon circumstantial evidence alone, and mainly upon the circumstance of the defendant's possession of the animal recently after it had been stolen. The defendant's counsel requested a special charge to be given to the jury to the effect that if the defendant, when his right to the animal was first called in question, gave a natural, reasonable and satisfactory explanation of his possession thereof, it then devolved upon the State to prove the falsity of such explanation. This charge the court refused, and the defendant excepted. We think the court erred in refusing to thus instruct the jury. The proposition embraced in the requested instruction is unquestionably the law, and clearly applicable, we think, to the facts of this case. (Windham v. The State, 19 Texas Ct. App., 413; Shultz v. The State, 20 Texas Ct. App., 315.)

We have considered other errors assigned and argued by counsel for defendant, but in our judgment the only material error in the conviction is the one above mentioned, and for that error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*